UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM HARP, on behalf of himself
and others similarly situated,
    Plaintiffs,                              CASE NO.:

vs.

ASPIRE HEALTH PARTNERS, INC.,
    Defendant.
_____ /

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, WILLIAM HARP ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint against the Defendant, ASPIRE HEALTH PARTNERS, INC. ("Defendant"), a Florida Limited Liability Company, for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

**INTRODUCTION**

1. This is an action by the Plaintiff against his previous employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**JURISDICTION**

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

## VENUE

3.     The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## PARTIES

4.     Plaintiff worked as a Behavioral Health Technician for Defendant in Florida.

5.     Plaintiff was an employee of the Defendant within the last three (3) years, from approximately October 2020 through August 2023.

6.     Defendant, ASPIRE HEALTH PARTNERS, INC., is a company in Orlando, Florida.

## FLSA ENTERPRISE COVERAGE

7.     At all material times (2020-2023), Defendant was an enterprise subject to the FLSA's provision on minimum wage and overtime wages.

8.     At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

9.     At all material times (2020-2023), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e. business equipment, telephones, computers, pens, and paper).

10.     Defendant's employees ran credit card transactions which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. telephones, computers, pens, and paper).

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

12. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period (2020-2023).

## FACTUAL ALLEGATIONS

14. Plaintiff was employed with Defendant from approximately October 2020 through August 17, 2023.

15. Plaintiff worked as a Behavioral Health Technician.

16. Plaintiff's job duties included but were not limited to conducting routine check ups for clients, handling client altercations, and doing security checks.

17. Plaintiff was paid at a rate of $12.00 per hour throughout his employment.

18. Plaintiff was a full-time employee.

19. Plaintiff was eligible for overtime pay.

20. Plaintiff received overtime pay from Defendant.

21. Plaintiff was assigned work by supervisors.

22. Plaintiff was assigned a set schedule by supervisors.

23. Because of the demand of the job duties assigned by Defendant, Plaintiff was not allowed to clock out for a lunch break.

24. Because of the demand of the job duties assigned by Defendant, Plaintiff was not able to take an uninterrupted lunch break.

25. Defendant automatically deducted thirty (30) minutes from Plaintiff's work hours daily for lunch breaks.

26. Defendant deducted thirty (30) minutes from Plaintiff's work hours regardless of whether Plaintiff took a lunch break.

27. However, despite Plaintiff not taking a lunch break, Defendant still automatically deducted a thirty (30) minute lunch break from Plaintiff's work hours each shift of every week.

28. Plaintiff worked in excess of forty (40) hours per work week during one or more work weeks.

29. Defendant knew or should have known of Plaintiff's schedule and hours worked each week.

30. Plaintiff was eligible to be paid overtime pay at time and one half his regular rate.

31. Plaintiff was not compensated at time-and-one-half for *all* hours worked in excess of forty (40) hours in a workweek.

32. Due to Defendant's automatic lunch deduction policy or, Plaintiff was never paid overtime compensation for all of the overtime hours worked.

33. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

34. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

35. During his employment, Plaintiff complained to Defendant regarding how he was paid.

36. Defendant did not investigate Plaintiff's claims.

## **COLLECTIVE ACTION ALLEGATIONS**

37. Plaintiff and the class members performed the same or similar job duties as one another in that they all worked with Defendant as a Behavioral Health Technician.

38. Plaintiff and the class members were paid by the hour.

39. Plaintiff and the class members were subject to the same amount of hours and automatic lunch deductions.

40. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

41. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

42. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that hourly employees were paid for all overtime hours worked based on the Defendant's failure to credit employees with all hours worked.

43. This policy or practice was applicable to Plaintiff and the class members.

44. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

45. Accordingly, the class members are properly defined as:

**All Behavioral Health Technicians who worked for Defendant, ASPIRE HEALTH PARTNERS, INC., within the last three years.**

46. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

47. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

48. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

49. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION
ASPIRE HEALTH PARTNERS, INC.**

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 49 above.

51. Plaintiff and those similarly situated to him worked for Defendant at various times from 2018 to 2023 as laborers for Defendant's businesses located in Florida.

52. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

53.     Specifically, Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

54.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to him, are in the possession and custody of Defendant.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, demands judgment against Defendant, ASPIRE HEALTH PARTNERS, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, certification of a collective action under Section 216 of the FLSA of all similarly situated employees, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED this **13th** day of **October 2023**.

Respectfully submitted,

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
The Leach Firm, P.A.
1560 N. Orange Ave., Suite 600
Winter Park, Florida 32789
Direct: (407) 574-6339
Facsimile: (833) 813-7513
E-mail: cleach@theleachfirm.com
E-mail: twatson@theleachfirm.com