# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLIAM HARP,

      Plaintiff,

v.                                                       Case No:   6:23-cv-1983-LHP

ASPIRE HEALTH PARTNERS, INC.,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 27)
>
> **FILED:**     March 1, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

This case arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, alleging claims of unpaid overtime compensation.  Doc. No. 1.  The parties[1] have

---

[1] This matter includes the named Plaintiff—William Harp—as well as two opt-in

filed a Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Doc. No. 27.  On March 4, 2024, the parties consented to exercise of jurisdiction by a United States Magistrate Judge, and the presiding District Judge has approved that consent.  Doc. Nos. 31–33.

Upon review, Defendant has agreed to pay Plaintiffs in full for their FLSA wage claims.  Doc. Nos. 27, 27-1, 27-2, 27-3; *see also* Doc. Nos. 23–24.  "When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA."  *Williams v. Vidhi Inv., Inc.*, No. 6:14-cv-1559-Orl-40GJK, 2015 WL 1524047, at *3 (M.D. Fla. April 3, 2015) (citations omitted); *see also Biscaino v. Ars Acquisition Holdings, LLC*, No. 6:11-cv-894-Orl-28DAB, 2011 WL 4424394, at *2 (M.D. Fla. Sept. 13, 2011), *report and recommendation adopted*, 2011 WL 4422379 (M.D. Fla. Sept. 22, 2011) ("Full recompense is *per se* fair and reasonable.").  "If judicial scrutiny confirms that the parties' settlement involves no compromise, the district court should approve the settlement and dismiss the case . . . ."  *Dees v. Hydradry*, Inc., 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010).[2]

---

Plaintiffs, Aaron Brown and Phoebe Barnes.  Doc. Nos. 1, 9-1, 15-1, 22-1.

[2] In any event, here, the Settlement Agreements do not contain terms that courts have found problematic in the FLSA context.  *See* Doc. Nos. 27-1, 27-2, 27-3.  And the

Accordingly, the Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice (Doc. No. 27) is **GRANTED**, and the parties' settlement agreements (Doc. Nos. 27-1, 27-2, 27-3) are **APPROVED**. This case is **DISMISSED with prejudice**, and the Clerk of Court is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on March 8, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

---

parties represent that fees to be paid to Plaintiffs' counsel were negotiated separate from the settlement. Doc. No. 27, at 6. Although the parties represent that they have entered into a separate settlement, supported by separate consideration, to resolve claims not raised in this case, there is no indication that the separate agreement has tainted the FLSA settlement, and the parties represent that said separate agreement is not contingent upon resolution of the FLSA claims. *See* Doc. No. 27, at 6 n.3. Thus, the separate agreement does not impose an impediment to approval of the FLSA agreements, and the Court expresses no view on the terms of that settlement or its enforceability. *See, e.g., Jemley v. Umbwa, Inc.*, No. 6:15-cv-801-Orl-41TBS, 2017 WL 3822896, at *2 (M.D. Fla. Aug. 2, 2017), *report and recommendation adopted*, 2017 WL 3732077 (M.D. Fla. Aug. 30, 2017) (approving FLSA wage claim settlement where there was a separate agreement as to a retaliation claim, where there was no compromise of the FLSA wage claims, and the parties represented that the other settlement agreement was separate and apart from the FLSA wage claim settlement); *Claflin v. Shelter Mortg. Co., LLC*, No. 6:13-cv-1028-Orl-37DAB, 2013 WL 12159039, at *2 (M.D. Fla. Dec. 2, 2013), *report and recommendation adopted*, 2013 WL 12159504 (M.D. Fla. Dec. 26, 2013) ("Because substantial consideration above that arguably due under the FLSA is being paid, this Court does not find the existence of a separate agreement settling any non–FLSA claims to be an impediment to the FLSA settlement.").

Counsel of Record
Unrepresented Parties